# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

ARMANDO PELAEZ,                                         CASE NO.: 1:21-cv-22092

      Plaintiff,

v.

WAL-MART STORES EAST, LP,

      Defendant.
_____/

## DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant Wal-Mart Stores East, LP ("Wal-Mart"), through undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2021-010111-CA-21, with full reservation of rights, exceptions and defenses, and in support thereof state:

## FACTUAL BACKGROUND

1.    On April 28, 2021, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 11th Judicial Circuit in and for Miami-Dade County, Florida.

2.    On May 7, 2021, Wal-Mart was served with the Complaint and on May 11, 2021 Wal-Mart filed its Answer and Affirmative Defenses to the Complaint.

3.    Plaintiff's Complaint against Wal-Mart is for claims sounding in negligence as a result of injuries which the Plaintiff Armando Pelaez allegedly sustained on December 2, 2019, arising from an incident at the Wal-Mart store located at 9300 NW 77th Avenue, Hialeah, Miami-Dade County, FL 33016. *See* Plaintiff's Complaint attached as **Exhibit "A"**.

CASE NO.: 1:21-cv-22092

4. Plaintiff Armando Pelaez alleges that he slipped and fell because of a liquid substance on the floor of the store. *Id.* at ¶5.

5. Plaintiff alleges that Wal-Mart breached various duties owed to the Plaintiff by: allowing a dangerous and defective condition to be created and/or remain on the premises in the form of a liquid substance on the floor in an area where the general public is expected to walk through; failing to maintain the premises to prevent Plaintiff from encountering said dangerous condition; failure to warn the Plaintiff of the dangerous condition…; failing to inspect the Premises in a reasonable manner, and a reasonable inspection would have revealed the dangerous condition; failing to take appropriate measures to prevent the dangerous condition; failing to implement proper safety measures to prevent injury to the Plaintiff; and failing to remove the known dangerous condition. *Id.* at ¶8.

6. This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

7. As explained in further detail below, at the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

8. Further, Plaintiff's demand to resolve this claim is for $250,000.00. *See* Email exchange with Plaintiff's Counsel attached as **Exhibit "B".**

9. Wal-Mart attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit in and for Miami-Dade County, Florida together with a docket sheet from the Clerk of Court. The state court docket filings are attached as **Composite Exhibit "C"**.

CASE NO.: 1:21-cv-22092

10. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## REMOVAL IS TIMELY

11. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's operative complaint. Plaintiff's Complaint is the pleading setting forth the claim for relief upon which Plaintiff's action is based.

12. The thirty-day period commenced on May 6, 2021, when Plaintiff served his Complaint on Wal-Mart.

13. On June 2, 2021, Plaintiff's counsel sent the undersigned an email seeking to resolve this claim for $250,000.00 inclusive of actual medical expenses in connection with his alleged incident. *See* Ex. B.

14. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial District in and for Miami-Dade County, where Plaintiff filed his state court Complaint is located in Miami-Dade Beach County Florida, which is located within the United States District Court for the Southern District of Florida, Miami, Florida.

## DIVERSITY OF CITIZENSHIP

15. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

**A. Citizenship of Wal-Mart Stores East, LP.**

16. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the Complaint, a Delaware Limited

CASE NO.: 1:21-cv-22092

Partnership with its principal place of business in the State of Arkansas. *See* SunBiz Report attached as **Exhibit "D"**. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above-mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

### B. Citizenship of Plaintiff, Armando Pelaez.

17.     Plaintiff Armando Pelaez is a resident of Miami-Dade County, Florida. *See* Ex. "A." Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (Cohn, J) (internal citations omitted).

18.     Here, Plaintiff's various medical records/bills reveal that he is a resident of Miami, Florida. Plaintiff's Miami, Florida residence is prima facie evidence of his domicile which is

CASE NO.: 1:21-cv-22092

equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

19. There can be no dispute that the citizenship of the Parties is diverse.

## **AMOUNT IN CONTROVERSY**

20. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court jurisdictional minimum, it is clear from Plaintiff's demand of $250,000.00 to settle this case [Ex. B] that his claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 09-CV-60067, 2009 U.S. Dist. LEXIS 51705 at*5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)(discussing pre-suit demand letters are competent evidence of the amount in controversy.).

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 U.S. Dist. 51705, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320

CASE NO.: 1:21-cv-22092

(11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

23. In the present case, Plaintiff's $250,000.00 demand to settle his claims conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* Ex. B.

24. Additionally, Plaintiff alleges damages for bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense and hospitalization, medical and nursing care treatment, loss of earnings, loss of earning capacity, and aggravation of a previously existing condition and that his losses are either permanent or continuing in nature and will suffer the losses in the future. *See* Ex. "A" at ¶9.

25. The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc*., 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001).

26. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the

CASE NO.: 1:21-cv-22092

evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

27. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka*, 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id*. at 752.

28. For example, in *Katz v. J.C. Penney Corp.*, the court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 U.S. Dist. LEXIS 51705 at *4. The court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiff because, like Plaintiff's demand in this case, it was based on medical records provided by the plaintiff. *Id.* Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

29. Plaintiff's $250,000.00 demand, supported with medical bills conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.

30. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

CASE NO.: 1:21-cv-22092

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through his attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2021-10111-CA-21, on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendants*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By: */s/ Christine M. Manzo*
CHRISTINE M. MANZO
Florida Bar No. 52121
NICHOLAS G. NEVILLE
Florida Bar No. 123893
JOSHUA M. GROSS
Florida Bar No. 1016479

CASE NO.: 1:21-cv-22092

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of June, 2021 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

                                               */s/ Christine M. Manzo*
                                               CHRISTINE M. MANZO

**SERVICE LIST:**
Rafael DeArmas, Esq.
Jose M. Francisco, P.A.
8660 West Flagler St., Ste. 100
Miami, FL 33144
rafael@jmflawyers.com
litigationsec5@jmflawyers.com