UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22092-JLK

ARMANDO PELAEZ

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (the "Motion") (DE 9), filed June 6, 2022. The Court has also considered Plaintiff's Response (DE 12) filed on June 21, 2022, and Defendant's Reply (DE 14) filed on June 28, 2022. Additionally, the Court has considered the Parties' Statements of Material Facts (DEs 10, 13, 15) and is otherwise fully advised.

**I.    BACKGROUND**

On April 28, 2021, Plaintiff filed his Complaint in in the 11th Judicial Circuit in and for Miami-Dade County, Florida alleging negligence stemming from slipping on a liquid substance in Defendant's store. *See* Compl., DE 1-2. On June 4, 2021, Defendant removed this case to federal court alleging complete diversity. *See* Not. of Removal, DE 1 at 2. On June 8, 2021, because Defendant filed its answer in state court, the Court entered its Scheduling Order imposing discovery deadlines and setting the case for trial. DE 3. Discovery has since concluded, and on June 6, 2022, the last day for motion practice, Defendant filed its instant Motion for Summary Judgment.

The following facts are undisputed:

On December 2, 2019, Plaintiff was shopping with his nephew at Defendant Wal-Mart's store in Hialeah, Florida, when he slipped and fell on a liquid substance on the floor while walking down an aisle. Def.'s Statement of Material Facts, DE 10 ¶¶ 1–2. Plaintiff does not know how the substance came to be on the floor or how long it was there before the incident. *Id*. ¶¶ 7–8. The area of the incident was well lit, and nothing obstructed Plaintiff's view of the substance. Id. ¶ 12. Plaintiff now brings a single count of negligence against Defendant stemming from this incident. *Id*. ¶ 1.

## II.   LEGAL STANDARD

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is genuine if a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996). A fact is material if it may affect the outcome of the case under the applicable substantive law. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The moving party has the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). On a motion for summary judgment, the court views the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006).

### III. DISCUSSION

Defendant argues that it is entitled to summary judgment because Florida Statute Section 768.0755 states that when bringing a claim for premises liability for transitory foreign substances in a business establishment "the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition . . ." but Plaintiff fails to prove so here. Mot at 2; Fla. Stat. § 768.0755(1). Specifically, Defendant argues it is undisputed that none of Defendant's employees actually knew of the substance before the incident, therefore there was no actual notice. Mot. at 3. And further, "[t]here is no evidence the substance was on the floor for a sufficient length of time to impose constructive knowledge upon Wal-Mart as a matter of law[,]" nor is there evidence of regularity to impute foreseeability. *Id*. at 5.

Plaintiff, in his Response, argues that Defendant had constructive knowledge of the spill, and that he has presented evidence proving that knowledge sufficient to satisfy the state premises liability statute. *See* Resp. 3–6. Specifically, Plaintiff points to his own testimony regarding tracks and footprints through the transitory substance, photographs of the spill, and video footage of employees in the aisle Plaintiff slipped. Plaintiff argues that this type of evidence, showing dirty tracks or footprints through the spill, "is precisely the type of evidence Florida courts consistently find creates a jury question on the issue of a defendant's constructive knowledge[.]" *Id*. at 4.

Plaintiff testified that the transitory substance he slipped on was "chlorine." Pl. Dep. Tr., DE 13-1 at 55:2–4; 57:2–4; 60:11–14. Plaintiff further testified that the transitory substance "had certain viscosity in it, and there were stains of shoes and carts as if carts have passed over that substance before[]" and in the place he fell, the substance was "blackish." *Id*. at 56: 4–9; 56:13–14. Plaintiff also relies on several photographs attached to his Response Statement of Material

Facts (DE 13-2, 13-3) which he argues depicts a spill "containing footprints and marks from the wheels of shopping carts." Resp. at 4

In its Reply, Defendant argues that the none of the photographs Plaintiff attached identify that the transitory substance was "blackish" or that there were footprints or shopping carts through the spill. Reply, DE 14 at 3–4. the Court agrees, the photographs in evidence do not show the spill was blackish or had footprints through it. A "transitory foreign substance" refers "generally to any liquid or solid substance, item or object located where it does not belong." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 317 n.1 (Fla. 2001). Under Florida law, a plaintiff may prove constructive knowledge through "circumstantial evidence," showing either that "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition" or that "[t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755(1). Here, Plaintiff only argues that Defendant had constructive knowledge because the transitory substance existed for such a length of time that Defendant should have known of the condition.

It is true that "[t]estimony of dirt, scuffing, or tracks in a substance generates sufficient inferences of constructive notice." *Woods v. Winn Dixie Stores*, 621 So. 2d 710, 711 (Fla. Dist. Ct. App. 1992) (citation omitted). Even in *Woods* though, (where no photographs were in evidence) both the plaintiff and defendant's employee "testified to dirt, scuffs or skid marks in the substance causing [plaintiff] to fall." *Id*. at 712. Here, the testimony of Defendant's employee contradicts Plaintiff's argument since the employee stated that the liquid on the floor was "transparent" such that he could "see through" it. Tomas Milan Dep. Tr., DE 13-4 at 49:20–24. However, Defendant's employee did not remember if there were footprints or shopping cart tracks through the spill. *Id*.

4

at 49:12–18. Only the Plaintiff's testimony described the transitory substance as dirty or discolored.

Plaintiff also cites *Skipper* to stand for the proposition that "evidence of cart tracks and footprints" shows constructive notice. Resp. at 4 (citing *Skipper v. Barnes Supermarket*, 573 So.2d 411, 413 (Fla. Dist. Ct. App. 1991) (finding that defendant store had constructive notice because the "broken and spread-about condition" of spilled food suggested it had been on the floor for sufficient time that defendant should have known of the dangerous condition). In *Skipper*, (again where no photographic evidence was presented) defendant's security guard testified that the spilled food "were broken into 'pretty good little pieces,' which were scattered 'a little bit everywhere,'" *Id*. at 413. Here, the only evidence of tracks in the spill comes from Plaintiff's own testimony, which as it stands is insufficient to prove constructive notice

Defendant argues that *Palavicini* is analogous since in that case the Eleventh Circuit affirmed summary judgment in favor of defendant store and found there was no constructive notice because there was no evidence that the transitory substance existed for an extended amount of time. Reply at 5 (citing *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x. 1007, 1012–15 (11th Cir. 2019)). In *Palavicini*, there was closed circuit television ("CCTV") footage that showed Defendant store's assistant manager "walking and standing in the immediate area where [plaintiff] slipped and fell approximately two minutes before the incident." *Id*. at 1009. The footage also showed "numerous customers walking over the accident area immediately before [plaintiff] fell, yet there were no footprints, or cart tracks[.]" *Id*. at 1013 n.3. The Eleventh Circuit found the CCTV footage evidence insufficient to support a reasonable inference that the liquid was on the floor long enough to establish Wal-Mart's constructive notice. *Id*. at 1012.

Here, Plaintiff argues that an unidentified "Wal-mart employee is seen on CCTV entering and exiting the aisle where Plaintiff fell approximately two minutes before he fell[]" and that is enough to infer that the employee saw or should have seen the spill. Resp. at 5. This evidence does not show the length of time the transitory substance was on the floor. Like the spill in *Palavicini*, from the footage, "[t]here is no evidence of footprints, prior track marks, changes in consistency, drying of the liquid, or other evidence that would tend to show that the liquid was on the floor for an amount of time sufficient to impute constructive notice[.]" Therefore, the CCTV footage is not enough to establish constructive notice.

Plaintiff also contends that a number of pictures in evidence show footprints and cart tracks sufficient to impute constructive notice. Plaintiff relies on *Torres*, where the court denied defendant's motion for summary judgment because, among other things, photographs showed "at least three track marks, a footprint that looks to be from another customer, and drying water—all indicia that the puddle had been there for a significant period of time." *Torres v. Wal-Mart Stores*, 555 F. Supp. 3d 1276, 1280 (S.D. Fla. 2021) (Altman, J.) (emphasis omitted).

Based on a simple review of the photographs submitted, the undersigned finds that the photographs depict a liquid substance on the floor of Defendant's store but does not depict anything obvious about the condition of the substance or whether there are footprints or track marks through the spill. "'[T]he mere presence of water on the floor is not enough to establish constructive notice'—rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor." *Palavicini,* 787 Fed. Appx. at 1013 (quoting *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Dist. Ct. App. 2011)). The photographs in evidence do not create a permissible inference that the dangerous

condition existed for such a length of time that, in the exercise of ordinary care, Defendant should have known of the condition.

The only evidence that may show that the transitory substance was there for such amount of time that Defendant should have known of its existence is Plaintiff's own testimony. Nothing else creates a jury question on the issue of Defendant's constructive knowledge. The testimony of Defendant's employee does not indicate any condition of the liquid showing it was there for an extended amount of time. The photographs fail to clearly show any tracks or dirtiness that infers the spill existed for a sufficient time to prove constructive notice. Also, the CCTV footage does not establish constructive notice.

Finding that Defendant did not have actual or constructive knowledge, Defendant is entitled to summary judgement. Defendant, in its Motion, also makes the argument that Plaintiff cannot prove medical causation through expert testimony because he has not disclosed any expert witnesses. Mot. at 6–9. The Court will not analyze this argument since it has found Defendant did not have notice of the dangerous condition.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1) Defendant's Motion for Summary Judgment **(DE 9)** be, and the same is, hereby **GRANTED**;

2) Defendant's Omnibus Motion *in Limine* **(DE 11)** is hereby **DENIED AS MOOT**; and

3) Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, final judgment in favor of Defendant will be set out in a separate Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 26th day of July, 2022.

                                                         JAMES LAWRENCE KING
                                                        UNITED STATES DISTRICT JUDGE

**cc:**  **All counsel of record**
        **Magistrate Judge Jacqueline Becerra**